```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUCIA BURGOS,
                                                                    MEMORANDUM
                               Plaintiff,                           AND ORDER

               -against-                                            10-CV-2680 (JG)

SATIETY, INC.,

                               Defendant.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of a letter on behalf of defendant Satiety, Inc. ("defendant"), requesting (a) "the Court's guidance" regarding the propriety of two depositions noticed by plaintiff Lucia Burgos ("plaintiff"); and (b) an extension of the August 18th discovery deadline. See Letter to the Court from Leigh H. Sutton (Aug. 12, 2011) ("Def. Letter"). In response, plaintiff argues that nothing in Judge Gleeson's Memorandum and Order of April 5, 2011 precludes the use of any particular discovery device. See Letter to the Court from Raymond C. Silverman (Aug. 15, 2011) ("Pl. Letter") at 1. Plaintiff consents to a sixty-day extension of discovery. See id.

As a preliminary matter, the Court notes that it appears from the parties' submissions that prior to defendant's filing of the instant application, no attempt was made to resolve the discovery-scope issue between the parties, as required by both the Local and Federal Rules. See Fed. R. Civ. P. 37(a)(1); SDNY/EDNY Local Civ. P. 37.3(a); see generally Def. Letter (omitting any mention of the requisite meet-and-confer on this issue); see also Pl. Letter at 2 (representing that, if Robert Gaffner, one of the two contemplated deposition witnesses, lacks

knowledge regarding the manufacturing of the subject device, "we will withdraw our notice and await the defendant's responses in order to notice the more proper witnesses."). On that ground alone, the Court would be amply justified in denying defendant's request without prejudice.

Nevertheless, in order to move this case forward, the Court provides the following "guidance": Plaintiff is correct that, while the scope of discovery has been narrowly confined, no limitation has been placed on the discovery devices available to the parties in conducting discovery. Thus, plaintiff is not precluded from conducting depositions, provided the examination is confined to the appropriate areas of inquiry. Furthermore, to the extent that plaintiff has a good faith basis for a claim of spoliation, see Pl. Letter at 2, the Court will allow discovery on that issue.

The discovery deadline is extended to October 18, 2011; requests for a premotion conference must be filed with the District Court by October 28, 2011.

The parties are directed to confer in good faith in an effort to reach agreement on the individuals to be deposed.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 16, 2011**

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**