| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| LUCIA BURGOS, | |
| --- | --- |
| Plaintiff, | ORDER |
| - versus - | 10-CV-2680 |
| SATIETY, INC., | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

The parties are before me on Rule 72(a) motions to modify or set aside portions of pretrial discovery orders issued by Magistrate Judge Mann. I deny the motions, except in one respect: I set aside Judge Mann's order denying plaintiff Lucia Burgos's motion to compel discovery insofar as the discovery sought is relevant to whether Satiety Inc.'s ("Satiety") disposal of the device used in Burgos's surgery warrants an adverse inference about what an inspection of that device would have revealed.

BACKGROUND

Burgos filed the instant lawsuit on June 11, 2010 for injuries she sustained during an experimental form of bariatric surgery using a device called the Transoral Gastroplasty Stapling System ("TOGA"). The TOGA was developed and manufactured by Satiety pursuant to an Investigational Device Exception ("IDE") to the pre-market approval process set forth in the Medical Device Amendments of 1976, 21 U.S.C. § 360c *et seq*. Following Satiety's successful motion for summary judgment, *see Burgos v. Satiety*, No. 10 Civ. 2680, 2010 WL 4907764 (E.D.N.Y. Nov. 30, 2010) ("*Burgos I*"), Burgos filed an amended complaint on December 17, 2010. On April 4, 2011, I dismissed all claims in the amended complaint except Burgos's state law negligence claim predicated upon Satiety's failure to manufacture the TOGA

device used in Burgos's surgery ("the subject device") in conformity with the IDE. *Burgos v. Satiety*, No. 10 Civ. 2680, 2011 WL 1327684 (E.D.N.Y. Apr. 5, 2011) ("*Burgos II*"). I ordered that Burgos was "entitled to the limited amount of discovery that would permit her to make a factually-based claim that Satiety's manufacturing process did not comport with its IDE." *Id.* at 8. It is this limitation on discovery that is the center of the parties' current dispute.

On July 28, 2011, Burgos served on Satiety an Amended First Set of Interrogatories ("Interrogatories") and an Amended Set of Demands for Documents ("Document Demands"). Satiety made numerous objections to the Interrogatories and Document Demands and declined to respond to several of the questions and requests therein. Satiety filed a motion to compel discovery, in response to which Judge Mann sustained Satiety's objections to Burgos's discovery requests relating to the destruction of the subject device. In so doing, and in an effort to comply with her reading of my April 4 Order, Judge Mann *sua sponte* vacated an earlier order in which she authorized discovery on this "spoliation" claim. Judge Mann also denied Burgos's request to depose Burgos's treating physician, Dr. Bessler, instead ordering that Burgos first try to obtain an affidavit from him. Burgos objects to these orders.

Following further discovery, the parties submitted a joint status report to Judge Mann in which they identified additional discovery disagreements. In response, Judge Mann issued an order (1) mandating that Satiety produce a sworn statement confirming that it could not locate the video taken of and during Burgos's surgery and that it did not have an exemplar representative of the subject device; and (2) allowing Burgos to take the supplemental deposition of one of Satiety's ex-employees, Robert Gaffney, who was familiar with Satiety's manufacturing processes for TOGA devices. Satiety objects to these orders.

2

DISCUSSION

Pursuant to Rule 72(a), a district court may modify or set aside a nondispositive pretrial order of a magistrate judge only if it is clearly erroneous or contrary to law. Fed. R. Civ. Proc. 72(a). With the sole exception of Judge Mann's ruling regarding discovery on Satiety's disposal of the subject device, none of Judge Mann's orders even come close to meeting this demanding standard. *See Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) ("'This standard is highly deferential . . . .'") (quoting *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05 Civ. 1065, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005)). Quite the contrary, the Court finds those orders to be legally correct and fair.

The Court, however, sets aside Judge Mann's denial of Burgos's motion to compel insofar as it bars discovery on whether Satiety's disposal of the subject device warrants an adverse inference about the device. In my April 4 Order, I granted Satiety's motion to dismiss Burgos's negligence claims predicated upon Satiety's alleged failure to comply with federal record-keeping requirements by, *inter alia*, disposing of the subject device. But by dismissing this claim, I did not intend to suggest that Satiety's disposal of the subject device was irrelevant to Burgos's remaining claim that Satiety manufactured the device in contravention of the IDE. Rather, as I mentioned in my Order, Satiety's disposal of the device could support an adverse inference regarding what an inspection of the device would have revealed about how it was manufactured. *See Burgos II*, 2011 WL 1327684, at *5-6 & n.7

The destruction of evidence may warrant an adverse inference about the content of that evidence if "(1) relevant evidence is destroyed; (2) with culpability; (3) when the defendant was under a duty to preserve the evidence." *Wood v. Pittsford Cent. Sch. Dist.*, No. 07-0892, 2008 WL 5120494, at *2 (2d Cir. Dec. 8, 2008); *accord Residential Funding Corp. v.*

*DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998). Thus information about whether Satiety's destruction of the subject device meets any of these three criteria is relevant to the availability of an adverse inference regarding what an inspection of the device would have revealed. Such information might include: why Satiety destroyed the subject device, *see Kronish*, 150 F.3d at 127; whether Satiety's disposal of the device violated any applicable administrative regulations or statutes, *see Wood*, 2008 WL 5120494, at *2; whether Satiety knew or should have known that the device would be relevant to future litigation, *see Kronish*, 150 F.3d at 126; whether Satiety destroyed the device knowingly, even without intent to breach a duty to preserve it, or negligently, *see DeGeorge*, 306 F.3d at 108; and any other evidence tending to show that an inspection of the device would have exposed that it was not manufactured in accordance with the IDE, *see Kronish*, 150 F.3d at 127-28.

Whether an adverse inference is appropriate will be relevant not just at trial but also at the summary judgment stage. *See Kronish*, 150 F.3d at 128 ("[A]t the margin, where the innocent party has produced some (not insubstantial) evidence in support of his claim, the intentional destruction of relevant evidence by the opposing party may push a claim that might not otherwise survive summary judgment over the line."); *Tucker v. New York City*, 376 Fed. App'x 100, 102 n.3 (2d Cir. 2010). Therefore, rather than defer discovery on this issue until after any future round of dispositive motions, I find that this discovery may be warranted at this stage.

## CONCLUSION

For the reasons stated herein, the Court modifies Judge Mann's discovery orders in a single respect: to set aside the denial of Burgos's motion to compel discovery *only* insofar as

4

the discovery requested is relevant to whether Satiety's disposal of the subject device merits an adverse inference. To be clear, the Court does not herein grant Burgos's motion to compel. Rather, Judge Mann will determine in the first instance which interrogatories and document requests solicit information relevant to the availability of an adverse inference and whether any such interrogatories or document requests are otherwise appropriate under Rules 26(b)(2), 33, and 34.

                              So ordered.

                              John Gleeson, U.S.D.J.

Dated: December 30, 2011
       Brooklyn, New York